■ In the Matter of the Arbitration between HARRIET K. BAIME et al., Respondents, and MARTIN's, Appellant. — In a proceeding to stay arbitration, the appeal is from a judgment of the Supreme Court, Nassau County (Becker, J.), dated September 9, 1981, which granted the application. Judgment affirmed, with $50 costs and disbursements. On June 16, 1969, the Garden City Company, as landlord, and Martin's, as tenant, entered into a lease agreement for certain premises located on Franklin Avenue in Garden City. The term of the lease is 25 years, with an option to renew. Article 3, entitled "Conduct of Business", provides, in part: "During the term hereof, Tenant shall continuously occupy and use the Premises and operate thereon in a competent, dignified and energetic manner a firstclass department or specialty store of the same type as its other stores and Tenant may offer for sale therein merchan-

dise and services common to a department or specialty store. Tenant shall keep its store on the Premises open for business on all days and during all hours on and during which similar stores in the Incorporated Village of Garden City conducting a type of business similar to that to be conducted by Tenant on the Premises are customarily and regularly open for business * * * Not withstanding the foregoing, Tenant shall not be required to open its store for business more than fifty-one (51) hours in any week, and for a proportionally less number of hours in any week in which one or more legal holidays shall fall." Article 35 (B) of the lease provides, *inter alia:* "(ii) Tenant may grant licenses, concessions or sublet departments to portions of the leased premises provided they do not change the general operation of the business as now conducted on the Demised Premises and are not operated in separate names and are held out to the public as an integral part of the Martin's store operation." The lease provides for a minimum guaranteed rent of $75,000 per year and an additional rent consisting of a percentage of Martin's "gross receipts" in excess of $3,700,000. It gives Martin's the right to make nonstructural changes and alterations provided that the tenant requests and receives the landlord's consent to changes or alterations involving an estimated cost of more than $50,000. There is also a provision requiring arbitration of disputes "arising from the execution of the terms" of the lease. Martin's operated a department store on the site for 10 years. In November, 1979 operations were suspended as business had become unprofitable. Martin's determined that subdivision and conversion of the premises to suites of business offices would be feasible. Pursuant to the lease, Martin's submitted an alteration proposal to the landlord for its approval. The landlord refused to approve the requested changes (which were to cost $508,530), noting that the changes were "contrary to the very specific use agreed to in the lease." In addition, the landlord served a 30-day notice pursuant to article 18 of the agreement, requiring Martin's to cure its default in meeting the requirements of article 3, concerning the "Conduct of Business". Martin's served a notice of intention to arbitrate, dated April 3, 1981, seeking a "declaration under the terms of the Lease" that it had the right to alter the property for office building use and to rent portions of the building to subtenants as offices. The landlord sought to stay the arbitration and Special Term granted the application. We affirm. In construing an arbitration clause contained in a commercial agreement, "the rule is clear that unless the agreement to arbitrate expressly and unequivocally encompasses the subject matter of the particular dispute, a party cannot be compelled to forego the right to seek judicial relief and instead submit to arbitration" (*Bowmer v Bowmer,* 50 NY2d 288, 293-294). In view of the lease provisions specifying that Martin's "shall continuously occupy and use the Premises and operate thereon * * * a firstclass department * * * store"; specifying when the premises are to be open for business; prohibiting the tenant from operating other department stores within designated areas; permitting subletting only if the subtenant does not change the general operation of the business as then conducted; and insisting that any subtenants retain the Martin's store name and hold themselves out to the public as part of the Martin's store operation, it is clear that the lease does not permit conversion of the property to office use or subletting the premises for such purpose. Thus, "what [the tenant] seeks, in essence, is to have the arbitrator rewrite the terms of the agreement because [it] now views them as onerous. This cannot be considered merely a claim arising from the contract. Instead, it requires the making of a new contract, not by the parties, but by the arbitrator. Obviously, the parties never agreed to such a procedure for it would mean that, once the agreement made provision for arbitration, the arbitrator would be completely unfettered by the terms of

the contract in resolving disputes" (*Bowmer v Bowmer,* 50 NY2d 288, 295-296, *supra*). Accordingly, the stay of arbitration was properly granted. Damiani, J. P., Lazer, Mangano and Gulotta, JJ., concur.